UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CROWLEY CARIBBEAN SERVICES, LLC, )
                                Plaintiff, )
                              vs. ) CIVIL ACTION NO. 22-cv-61061-RAR
H&W ENTERPRISES, INC., )
                              Defendant. )

## ANSWER

Defendant, H&W ENTERPRISES, INC., (hereinafter "H&W" or "Defendant"), *Pro Se*, hereby submits this Answer to the Complaint on file herein, and alleges and avers as follows:

1.    Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations made in paragraph 1 of the Complaint, and, therefore, denies each and every allegation contained therein.

2.    Defendant admits only that it is stated in the "Credit Application and Agreement" submitted by Plaintiff as Exhibit A, that "any suit…shall be brought…the middle or Southern Districts in the State of Florida,…". Each and every other allegation made in paragraph 2 of the Complaint is denied.

3.    Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations made in paragraph 3 of the Complaint, and, therefore, denies each and every allegation contained therein.

FILED BY ___ D.C.
JUL 06 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Case 0:22-cv-61061-RAR   Document 6   Entered on FLSD Docket 07/06/2022   Page 2 of 9

ANSWER and COUNTERCLAIM
CROWLEY vs. H&W
Page 2 of 9

4. Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations made in paragraph 4 of the Complaint, and, therefore, denies each and every allegation contained therein.

5. Defendant admits the allegations made in paragraph 5 of the Complaint.

6. Defendant admits that H&W, through its President, signed a document titled "CREDIT APPLICATION AND AGREEMENT – Terms and Conditions" and dated 12/17/15, but there is no signature by CROWLEY CARIBBEAN SERVICES, LLC (hereinafter "Plaintiff" or "Crowley"), evidencing an agreement. Each and every other allegation made in paragraph 6 of the Complaint is denied.

7. Defendant admits that the statement alleged in paragraph 7 of the Complaint, is included in the "Credit Application and Agreement" submitted as Exhibit A. Each and every other allegation made in paragraph 7 of the Complaint is denied.

8. Defendant admits that H&W requested Crowley's services. Each and every other allegation made in paragraph 8 of the Complaint is denied.

9. Defendant admits the allegations made in paragraph 9 of the Complaint.

10. Defendant admits the allegations made in paragraph 10 of the Complaint.

11. Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations made in paragraph 11 of the Complaint, and, therefore, denies each and every allegation contained therein.

12. Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations made in paragraph 12 of the Complaint, and, therefore, denies each and every allegation contained therein.

Case 0:22-cv-61061-RAR  Document 6  Entered on FLSD Docket 07/06/2022  Page 3 of 9

ANSWER and COUNTERCLAIM
CROWLEY vs. H&W
Page 3 of 9

13. Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations made in paragraph 13 of the Complaint, and, therefore, denies each and every allegation contained therein.

14. Defendant denies each and every allegation made in paragraph 14 of the Complaint. Attempts and requests to make payments were refused online, unless full payment was made, and responses promised to H&W's requests for a payment plan were never received from Plaintiff. Subsequently, two payments totaling Three Thousand Dollars ($3,000.00) were made by physically delivering checks to Plaintiff's office in St. Thomas, VI.

15. Defendant denies each and every allegation made in paragraph 15 of the Complaint.

16. Defendant repeats its answers set forth in paragraphs 1 through 15, above.

17. Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations made in paragraph 17 of the Complaint, and, therefore, denies each and every allegation contained therein.

18. Defendant admits that goods were delivered to the shipping dock in St. Thomas, VI and picked up by H&W. Each and every other allegation made in paragraph 18 of the Complaint is denied.

19. Defendant denies each and every allegation made in paragraph 19 of the Complaint.

20. Defendant denies each and every allegation made in paragraph 20 of the Complaint.

21. Defendant repeats its answers set forth in paragraphs 1 through 15, above.

Case 0:22-cv-61061-RAR   Document 6   Entered on FLSD Docket 07/06/2022   Page 4 of 9

ANSWER and COUNTERCLAIM
CROWLEY vs. H&W
Page 4 of 9

22. Defendant is without sufficient knowledge or information upon which to base a belief as to the truth of the allegations made in paragraph 22 of the Complaint, and, therefore, denies each and every allegation contained therein.

23. Defendant denies each and every allegation made in paragraph 23 of the Complaint.

24. Defendant denies each and every allegation made in paragraph 24 of the Complaint.

25. Defendant denies each and every allegation made in paragraph 25 of the Complaint.

## DEFENSES

1. Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as though fully set forth herein, as applicable upon discovery. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of court to amend this Answer to more specifically assert any such defense. Such defenses are herein incorporated by reference for the specific purposes of not waiving any such defenses.

2. Plaintiff's repeated failure to make timely delivery of goods as scheduled, amounted to negligence and breaches of its contractual obligations for timely delivery, and resulted in grave lapses in Defendant having demanded products for resale.

3. Not having a regular supply of products for resale resulted in Defendant's inability to earn income and make timely payments for shipments, products and all of its other expenses. Thus, it was understood that any 30-day payment period was waived.

Case 0:22-cv-61061-RAR Document 6 Entered on FLSD Docket 07/06/2022 Page 5 of 9

ANSWER and COUNTERCLAIM
CROWLEY vs. H&W
Page 5 of 9

4. Plaintiff's exorbitant increases in its costs from one shipment to the other, caused serious hardship and further delays in Defendant's payments.

5. Defendant is entitled to compensation for damages caused to its business as a result of Plaintiff's many delays in shipments by the expected dates and the resulting loss of sales.

6. Promised responses to Defendant's requests for a payment plan was first met by a call from Dee Dolvin indicating that she was Crowley's attorney. Her promise to send something in writing within a couple of days to which H&W should respond was received approximately 2 weeks later. See Defendant's Exhibit B, attached.

7. Dee Dolvin told H&W to hold payments until this was done.

8. Defendant complied with Plaintiff's instruction "to amicably resolve this matter without further legal action" by writing a response, again requesting a payment plan *and* calling and speaking to Dee Dolvin on April 21, 2022. Dee Dolvin promised a response the following week which was never received. See Defendant's Exhibit C, attached.

9. Plaintiff fraudulently attempted to obtain monies guised as liquidated damages in the amount of $4,332.50, from Defendant. See Defendant's Exhibit B, attached.

10. Plaintiff fails to state a claim upon which relief may be granted.

WHEREFORE, Defendant prays that this Honorable Court will:

1. Dismiss the Complaint with prejudice or grant Plaintiff a reduced amount based upon the admissions, denials and defenses alleged herein;

2. Refer the matter for mediation prior to any trial;

3. Award Defendant all costs incurred in the defense of this action;

Case 0:22-cv-61061-RAR Document 6 Entered on FLSD Docket 07/06/2022 Page 6 of 9

ANSWER and COUNTERCLAIM
CROWLEY vs. H&W
Page 6 of 9

    4.    Award Defendant such other and further relief as the Court deems just and equitable.

H&W ENTERPRISES, INC., *Pro Se*
Defendant

By: _/s/ Henry P. Honigfort_
Henry P. Honigfort, President
PO Box 8499
St. Thomas, VI 00801-1499

## COUNTERCLAIM

Pursuant to Federal Rules of Civil Procedure, Rule 13, H&W ENTERPRISES, INC., (hereinafter "H&W" or "Defendant"), *Pro Se*, the Defendant in Civil Action No. 22-cv-61061-RAR, makes the following claims against the Plaintiff, CROWLEY CARIBBEAN SERCIES, LLC, (hereinafter "Plaintiff" or "Crowley").

    1.    Jurisdiction and venue are subject to the Court's findings that it has jurisdiction over and is the correct venue for Plaintiff's Complaint herein.

    2.    Defendant is a duly registered Virgin Islands Corporation, in good standing, that imports beverages for resale.

    3.    Upon information and belief and based on Plaintiff's statement in paragraph 3 of the Complaint, Crowley is an affiliate of Crowley Holdings, Inc., a Delaware corporation.

    4.    For in excess of seven years, H&W have entered into agreements whereby Plaintiff would transport goods from a manufacturer in Warren, MI to St. Thomas, VI, on a timely basis, for H&W's resale.

Case 0:22-cv-61061-RAR Document 6 Entered on FLSD Docket 07/06/2022 Page 7 of 9

ANSWER and COUNTERCLAIM
CROWLEY vs. H&W
Page 7 of 9

5. Plaintiff has had numerous delays in the time it was notified that the goods were ready for pick up from the manufacturer to the dates on which the goods were available for pick up by H&W in St. Thomas, VI. See Defendant's Exhibit A, attached.

6. Such delays resulted in H&W not having products for resale, its only means of earning income.

7. H&W's inability to earn income during such periods, resulted in substantial damages, including loss of customers, loss of credit contracts, reduction in wages, loss of profits, and an overall inability to pay its debts. All reserve funds were exhausted in an effort to survive the periods without products.

8. Simultaneous with the lengthy delays, Crowley's costs for the same services increased substantially, causing diminished profits and other losses, once the products were finally available. See Defendant's Exhibit A, attached.

9. Promised responses to H&W's requests for a payment plan was first met by a call from Dee Dolvin indicating that she was Crowley's attorney. Her promise to send something in writing in a couple of days to which H&W should respond was received approximately 2 weeks later. See Defendant's Exhibit B, attached.

10. Plaintiff fraudulently attempted to obtain monies guised as liquidated damages in the amount of $4,332.50. See Defendant's Exhibit B, attached.

11. Plaintiff never responded to any of Defendant's requests for a payment plan and has not acted in good faith in making any attempts to settle this matter prior to filing the Complaint herein.

ANSWER and COUNTERCLAIM
CROWLEY vs. H&W
Page 8 of 9

WHEREFORE, H&W ENTERPRISES, INC., prays this Honorable Court for an award of:

1. Compensatory damages in the amount of $75,000.00;

2. Punitive damages in the amount of $25,000.00;

3. All of Defendant's costs incurred in this matter; and

3. For such other and further relief as the Court deems fit and proper.

                              H&W ENTERPRISES, INC., *Pro Se*
                              Defendant

By: _____
     Henry P. Honigfort, President
     PO Box 8499
     St. Thomas, VI 00801-1499

Case 0:22-cv-61061-RAR   Document 6   Entered on FLSD Docket 07/06/2022   Page 9 of 9

ANSWER and COUNTERCLAIM
CROWLEY vs. H&W
Page 9 of 9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of July, 2022, a true and correct copy of the foregoing ANSWER and COUNTERCLAIM was sent via electronic mail to Dee@DeeMDolvin.com and by priority mail via the US Postal Service to:

DEE M. DOLVIN, P.A.
PO Box 310424
Miami, FL 33231

H&W ENTERPRISES, INC., *Pro Se*
Defendant

By: _____
Henry P. Honigfort, President
PO Box 8499
St. Thomas, VI 00801-1499